IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



CHARLES JACKSON, INDIVIDUALLY,
AND ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES, AND AS
PERSONAL REPRESENTATIVE
OF THE ESTATE OF CLYDIE JACKSON                        PLAINTIFF

vs.                              CIVIL ACTION NO: 3:10CV842 DPJ-FKB

SMITHKLINE BEECHAM CORPORATION
d/b/a GLAXOSMITHKLINE
AND JOHN DOES 1-10                                     DEFENDANTS

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
      DISTRICT OF MISSISSIPPI, JACKSON DIVISION

      Gerald J. Diaz, Jr., Esq. (MB No. 6063)
      Christopher P. Williams, Esq. (MS No. 10774)
      DIAZ LAW FIRM
      208 Waterford Square, Suite 300
      Madison, Mississippi 39110

      Patrick Malouf, Esq. (MB No. 9702)
      PORTER & MALOUF, P.A.
      825 Ridgewood Road
      Ridgeland, Mississippi 39157

      ATTORNEYS FOR PLAINTIFF

      Honorable Barbara Dunn
      First Judicial District
      Post Office Box 686
      Jackson, Mississippi 39205

      HINDS COUNTY CIRCUIT CLERK

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b), GLAXOSMITHKLINE LLC ("GSK")

(improperly identified in the Complaint as "SmithKline Beecham Corporation d/b/a

GlaxoSmithKline"),[1] hereby removes the case *Charles Jackson, individually, and on behalf of all wrongful death beneficiaries, and as personal representative of the estate of Clydie Jackson v. SMITHKLINE BEECHAM CORPORATION, D/B/A GLAXOSMITHKLINE, et al.*, bearing Civil Action No. 251-10-000920-Civ, from the Circuit Court of the First Judicial District of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Jackson Division.  As grounds for removal, GSK states the following:

## I.  BACKGROUND

1.    This case was commenced on or about November 2, 2010, by the filing of a Complaint in the Circuit Court of The First Judicial District of Hinds County, Mississippi. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit "A" is a copy of the Complaint served on Defendants in this case.

2.    Plaintiff named as Defendants SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE and JOHN DOES 1-10.

3.    By way of background, this action is one of a number of actions that have been filed in both federal and state courts across the country, involving allegations of personal injury purportedly due to the use of the prescription drug Avandia. On October 16, 2007, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order directing that then-pending Avandia-related cases be transferred and coordinated for pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania, before the Honorable Cynthia M. Rufe, pursuant to 28 U.S.C. § 1407. *See* Transfer Order, *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871 (E.D. Pa.) attached as "Exhibit B."  Additional Avandia-related cases pending in federal court, which are common to the actions previously

---

[1] On October 27, 2009, SmithKline Beecham Corporation ("SKB"), a Pennsylvania corporation, converted into GlaxoSmithKline LLC, a limited liability company organized under Delaware law.

transferred to the Eastern District of Pennsylvania and assigned to Judge Rufe, are treated as potential "tag-along" actions. *See id.*; *see also* Rules 7.4 and 7.5, R.P.J.P.M.L. 199 F.R.D. 425, 435-36 (2001). GSK intends to seek the transfer of this action to that Multidistrict Litigation, *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871, and shortly will provide the JPML with notice of this action pursuant to the procedure for "tag along" actions set forth in the rules of the JPML.

## II. NOTICE OF REMOVAL IS TIMELY

4. GSK was served with legal process in this matter on November 23, 2010.

5. This Notice of Removal is timely, having been filed within thirty (30) days of service upon the defendant, and within one year of commencement of this action. *See* 28 U.S.C. § 1446(a) and (b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## III. THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332

6. This case is an action over which this Court would have original jurisdiction under 28 U.S.C. § 1332; it is therefore removable to this Court under 28 U.S.C. § 1441. Removal under Section 1441 is appropriate because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiff and all Defendants. The United States District Court for the Southern District of Mississippi, Jackson Division, includes the county in which the state court action is now pending (The Circuit Court for The First Judicial District of Hinds County) and thus, under 28 U.S.C. § 104(b)(1), venue is proper.

A.     **The Amount in Controversy Exceeds $75,000**

7.     Based on Plaintiff's allegations and the damages sought, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000. In determining the amount in controversy on removal, the district court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (*quoting Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Plaintiff seeks an unspecified amount of compensatory and incidental damages, as well as damages for medical expenses, present net cash value of the life expectancy of Decedent, burial and funeral expenses of Decedent, physical pain and suffering, and mental anguish and emotional pain and suffering, loss of services, comfort, society, protection, support, abilities, counsel, affection and companionship of Decedent, and all damages of every kind of the Decedent and of the Plaintiffs as provided under Miss. Code Section 11-7-13 and allowable under the laws of the State of Mississippi. (*Compl.* at ¶ 174.)

8.     Additionally, Plaintiff seeks an unspecified amount of punitive damages. (*Compl.* at ¶¶ 172-174.) In Mississippi, federal courts "have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction." *Henley v. Pioneer Credit Co.*, 2002 WL 1013110, at *4 (N.D. Miss. Apr. 10, 2002); *see, e.g., St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Marcel v. Pool Co.*, 5 F.3d 81, 84-85 (5th Cir. 1993); *Myers v. Guardian Life Ins. Co. of Am.*, 5 F. Supp. 2d 423, 428-29 (N.D. Miss. 1998); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 701 (S.D. Miss. 1988).

9. Thus this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

### B. There is Complete Diversity of Citizenship Between Plaintiff and All Defendants

10. Plaintiff is and was, at the time this action was commenced, a resident of the State of Mississippi. (*Compl.* at ¶ 5).

11. At the time Plaintiff commenced this action in Mississippi state court, and at the time of the removal, GSK was, and is, a Delaware limited liability company. For purposes of diversity jurisdiction, the citizenship of an LLC is that of its members. *See Handelsman v. Bedford Village Assoc.*, 213 F.3d 48, 51-52 (2d Cir. 2000). The sole member of GlaxoSmithKline LLC is GlaxoSmithKline Holdings (Americas) Inc. GlaxoSmithKline Holdings (Americas) Inc. is a Delaware corporation with its principal place of business in Wilmington, Delaware. Therefore, GSK is a citizen of Delaware.

12. Defendants John Does 1 through 10 have been sued under fictitious names. (*Compl.* at 14.) Accordingly, the citizenship of defendants Does 1 though 10 "shall be disregarded" for purposes of removal. 28 U.S.C. § 1141(a).

13. Accordingly, there is diversity of citizenship between the plaintiff and the defendants.

### IV. NOTICE GIVEN

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff through Plaintiff's counsel of record. Further, notice of the filing of this Notice of Removal has been sent to the clerk of court for the Circuit Court of The First Judicial District of Hinds County, Mississippi.

15. In accordance with 28 U.S.C. § 1446(a), attached as Exhibit "C" is the Notice of Filing Notice of Removal.

16. WHEREFORE, Defendant gives notice that the above-captioned case is removed to the United States District Court for the Southern District of Mississippi, Jackson Division, and requests that this court retain jurisdiction for all further proceedings.

DATED this the 10th day of December, 2010.

Respectfully Submitted,

By: _____
CHRISTY D. JONES (MSB No. 3192)
ASHLEY H. NADER (MSB No. 103254)

ATTORNEYS FOR GLAXOSMITHKLINE LLC

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Box 6010
Ridgeland, MS 39158
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39157
(T): (601) 948-5711
(F): (601) 985-4500
christy.jones@butlersnow.com
ashley.nader@butlersnow.com

## CERTIFICATE OF SERVICE

I, Ashley H. Nader, one of the attorneys for GLAXOSMITHKLINE LLC, formerly known as SMITHKLINE BEECHAM CORPORATION, do hereby certify that I have this day served a true and correct copy of the above and foregoing document by mailing same by United States Mail with postage fully prepaid thereon to the following:

Gerald J. Diaz, Jr., Esq. (MB No. 6063)
Christopher P. Williams, Esq. (MS No. 10774)
DIAZ LAW FIRM
208 Waterford Square, Suite 300
Madison, Mississippi 39110

Patrick Malouf, Esq. (MB No. 9702)
PORTER & MALOUF, P.A.
825 Ridgewood Road
Ridgeland, Mississippi 39157

ATTORNEYS FOR PLAINTIFF

SO CERTIFIED, this the 10th day of December, 2010.

_____
ASHLEY H. NADER

Jackson 5864241v1